UNITED STATES v. PERALTA (GWINN et al., Interveners). (District Court, N. D. California. May 28, 1900.) No. 100. On Demurrer to New Intervening Petition. Former opinion (99 Fed. 618) reaffirmed. Boyd & Fifield, for petitioner. Frank L. Coombs, U. S. Atty.

HAWLEY, District Judge (orally). The petition of Mary E. H. Gwinn as intervener herein having been heretofore dismissed, without prejudice, a new petition has been filed by her and one Miers F. Truett, asking the court to grant the same relief as was prayed for in the former petition. To this petition a demurrer has been interposed upon the ground, among others in said demurrer specifically mentioned, "that the petition herein does not state facts sufficient to warrant or authorize the court in granting the relief prayed for." The present petition is not subject to the objection made at the former hearing to the form of the pleadings, and that portion of the opinion which discusses that question may be said to be now eliminated from the case, because the present petition does set forth the steps that were taken, and the orders and decrees that were made and rendered, by the district court after the entry of the decree of November 30, 1859 (filed December 1, 1859), and states in detail certain facts concerning the plat of survey of November 25, 1895, made by the surveyor general, upon which the petitioners rely, and the action of the officers of the general land office in regard thereto. It will thus be seen that there are many details in the facts set out in this petition that were not embodied in the former petition. But these additional facts simply present the questions herein involved more clearly and distinctly than before. The legal principles are precisely the same as were presented, discussed, and decided by this court in U. S. v. Peralta, 99 Fed. 618, and the views therein expressed are as applicable to this petition as to the former one. The reasons given by the

assistant commissioners of the general land office to the surveyor general (which are annexed to and made a part of the petition) for refusing the petitioner's request for the issuance of a patent in accordance with the survey of the surveyor general of California made in 1895 are in all respects consistent with the views expressed in the former opinion. Their conclusion in regard thereto is identical, viz. "that the particular matter raised by the petitioner has long since become res judicata." In the light of all of the facts, and of the consideration heretofore given to this case, I deem it unnecessary to again discuss the same questions. It is enough to say that I have carefully read the petition and the elaborate and exhaustive brief filed by the learned counsel on behalf of the petitioners, and examined the numerous authorities cited therein, and my conclusion is that the demurrer should be sustained, the motion of the petitioners be denied, and the petition dismissed. It is so ordered.